# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KELLY D. MICKELSON,

    Plaintiff

v.

KEN WILLIAMS, et al.,

    Defendants

Case No.: 3:25-cv-00107-MMD-CSD

**Order**

Re: ECF Nos. 5, 6

Plaintiff, a prisoner in custody of the Nevada Department of Corrections, is proceeding in this action on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 8.) Plaintiff has also filed a motion for temporary restraining order and/or motion for preliminary injunction. (ECF Nos. 5, 6.)

On screening, Plaintiff's complaint was allowed to proceed on its single claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment. (ECF No. 7.) Specifically, the court identified Plaintiff's allegation as follows:

> [P]rison officials knew that Plaintiff had a history of seizures or strokes and that a cardiologist or neurologist had ordered Plaintiff to have new stints implanted to prevent Plaintiff's seizures or strokes. However, based on the allegations, Plaintiff's surgery to have the stints implanted has not been scheduled and Plaintiff continues to have seizures or strokes. Additionally, when Plaintiff suffered from seizures or strokes, no one sent Plaintiff to an outside specialist.

(*Id.* at 6.)

In his motions for injunctive relief, filed on August 11, 2025, Plaintiff asserts that he has been suffering increasing seizures and pain in his right side for almost two years, as well as headaches and loss of mobility and mental functions. He claims that he has not seen a specialist

and the cause of his seizures has not been determined. Plaintiff asserts that an appointment with a specialist that had been scheduled was cancelled "because there [was] no money for it." (ECF No. 5 at 1-2.) And, he claims, a cardiologist who saw Plaintiff a week before his motion was filed was upset that Plaintiff had not yet been seen by a neurologist, which the cardiologist had ordered "months ago." (*Id.* at 2.)  Later in his motion, Plaintiff asserts that "NDOC has been ordered by more than 2 physicians to have me taken for stints placement in my neck, and to be examined by a neurologist so to determine cause of my numerous seizures. . . ." (*Id.* at 7.)

On February 2, 2026, Interested Party Nevada Department of Corrections (NDOC) entered a limited appearance for the purposes of filing an opposition to Plaintiff's motion (ECF Nos. 20, 24). In its opposition, NDOC asserts that Plaintiff was seen by a neurologist, Dr. Doyle, on December 15, 2025, and that Dr. Doyle prescribed Plaintiff Keppra. They argue that Plaintiff otherwise has been seen by various specialists, and there is nothing more for the court to order NDOC to do. NDOC does not address the additional stenting Plaintiff claims to be awaiting, other than to argue that Dr. Doyle did not recommend a stent when he treated Plaintiff in June 2024.

From the limited medical records and other evidence available on the docket, it appears that Plaintiff had a stroke in February 2024 and later received a stent in his left internal carotid artery. According to Plaintiff, he was told at that time that he would need additional stenting. (*See* ECF No. 26-1.) In a grievance dated April 14, 2024, Plaintiff explained that since being released from the infirmary, he had some seizures or strokes and that medical staff told him those would continue until he got his other stents. (ECF No. 20-1 at 12.)

On June 12, 2024, Plaintiff was seen by a neurologist, Dr. Doyle, who recommended further follow-up with vascular neurology for his severe right ICA stenosis. (ECF No. 26-1). Dr.

Doyle, noting that Plaintiff had an appointment scheduled with cardiology the following week, also advised further recommendations from cardiology regarding management of Plaintiff's hypertension. (*Id.*) The notes from Plaintiff's June 19, 2024, cardiology appointment noted that Plaintiff was awaiting further stents as well as Plaintiff's report that he had been suffering 30-60 second seizures 3-4 times a week. (ECF No. 26-3.)

On August 27, 2024, Plaintiff had an appointment with Dr. Halow, a vascular surgeon, who ordered a CTA of Plaintiff's carotids and aortic arch and a follow-up after the CTA. (ECF No. 26-2). There is no further evidence as to: (1) whether the CTA ever happened, (2) the results from the CTA, or (3) Dr. Halow's or any other doctor's opinions on further courses of action or treatment based on the results of the CTA.

On December 15, 2025, Plaintiff was seen again by Dr. Doyle who prescribed Keppra, an anti-epileptic medication. (ECF No. 26-4.) That medication order has been filled. (ECF No. 26-5.)

While NDOC has responded to Plaintiff's assertions regarding his seizures, it has not addressed Plaintiff's assertion that he has been ordered but never provided additional stents, nor has it attached the relevant medical evidence for the court to adequately consider this issue. Accordingly, within **seven (7)** days of the of this order, Defendants shall file a supplemental response addressing the issue of stenting, including with the filing any medical records relevant to that issue.

**IT IS SO ORDERED**.

Dated: February 17, 2026

_____
Craig S. Denney
United States Magistrate Judge