UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELLY D. MICKELSON,

Plaintiff,

v.

KEN WILLIAMS, *et al.*,

Defendants.

Case No.: 3:25-cv-00107-MMD-CSD

ORDER

## I.    SUMMARY

Following screening, the Court permitted Plaintiff Kelly D. Mickelson to proceed on an Eighth Amendment claim for deliberate indifference to serious medical needs claim under 42 U.S.C. § 1983. (ECF No. 7; ECF No. 8 ("Complaint").) Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 56 ("R&R")), recommending that the Court deny Plaintiff's motion for temporary restraining order and identical motion for preliminary injunction (ECF Nos, 5, 6 (collectively, "Motion")) without prejudice. Plaintiff filed an objection (ECF No. 59 ("Objection")), and Defendants responded (ECF No. 61). For the reasons discussed here, the Court agrees with Judge Denney and will adopt the R&R.

## II.    RELEVANT BACKGROUND

### A.  Underlying Facts

The following facts are adapted from the Complaint. (ECF No. 8.) Plaintiff is disabled and suffers from strokes, seizures, heart problems, high blood pressure, brain damage, memory loss, mental confusion, and has collapsed on several occasions. (*Id.* at 3.) In the past, Plaintiff has had stints implanted. (*Id.*) In April 2024, while at a hospital, a cardiologist/neurologist ordered Plaintiff to have additional stints implanted. (*Id.*)

However, Plaintiff has not had these additional stints implanted. (*Id.*) As a result, Plaintiff has suffered from numerous strokes or seizures. (*Id.*)

Prison officials have not made any attempts to find out the cause of Plaintiff's medical issues or to determine whether Plaintiff has suffered from strokes or seizures. (*Id.*) During an appointment with a cardiologist at NNCC, Plaintiff had either a seizure or stroke that left him unconscious for several minutes. (*Id.*) Plaintiff had a seizure or a stroke in the shower causing him to fall, hit his head on the floor, bleed, and bruise. (*Id.* at 5.) Plaintiff's seizures or strokes happened in clusters and shut down Plaintiff's ability to talk, listen, see, or move around. (*Id.*)  This left him exhausted, confused, and unable to perform normal tasks. (*Id.*)

As noted, based on the allegations, the Court permitted Plaintiff to proceed on a claim of deliberate indifference to medical needs in violation of Plaintiff's Eighth Amendment rights. (ECF No. 7 at 6.)

**B. Plaintiff's Motion**

On August 11, 2025, about six months after Plaintiff submitted his Complaint and before the Complaint was screened, Plaintiff filed the Motion,[1] asserting that Plaintiff has had additional seizures and has experienced "severe pain attacks in [his] right side," and "[t]he headaches are horrific and nothing helps." (ECF No. 5 at 2-3.) The Motion asserts that, "Two years have passed and [Plaintiff] is still waiting to be treated and for someone to help [him] stop these seizures which remain a mystery." (*Id.)* Plaintiff asserts he needs "professional help." (*Id.* at 3.) But, according to Plaintiff, a scheduled appointment with a specialist was cancelled at Defendant Williams' order, purportedly because of a lack of funding. (*Id.* at 1-2.)

As the Magistrate Judge noted, Plaintiff's medical records show he had a stroke around February 2024, and a stent was later placed in his left internal carotid artery. (ECF

---

[1]The Court deferred ruling on the Motion while referring the case to the Early Inmate Mediation ("EIM") program. (ECF No. 7 at 7.) The Magistrate Judge set a briefing schedule on the Motion after the case did not settle during the EIM. (ECF No. 19.) After the completion of briefing on the Motion, the Magistrate Judge held a hearing on March 11, 2026 (ECF No. 55) and then issued the R&R the next day (ECF No. 56).

No. 56 at 2.) The R&R summarizes Plaintiff's relevant medical history as reflected in the medical records submitted (ECF No. 26-1). (ECF No. 56 at 2.) The Court adopts the summary here.

### III.    DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Mickelson filed his Objection.

The Motion asks for preliminary injunctive relief. (ECF Nos. 5, 6.) Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court begins with the relief Plaintiff requested in the Motion. The Motion asserts that Plaintiff has continued to have additional seizures without receiving treatment. (ECF No. 5 at 2-3.) In addressing Plaintiff's Motion, the Magistrate Judge organized Plaintiff's medical issues into three categories. The first relates to Plaintiff's assertion that he has experienced seizures but has not received treatment. (ECF No. 56 at 9.) As to this claim, the Magistrate Judge found that Plaintiff cannot show a likelihood of success on the merits because he was seen by a neurologist, cardiologist, and vascular surgeon during the time period when his kites seeking medical care related to his seizures

3

were submitted between April 14, 2024 and August 14, 2025. (*Id.*) In particular, on June 12, 2024, Plaintiff was seen by a neurologist, Dr. Doyle, who recommended follow up with a vascular neurologist for Plaintiff's severe right ICA stenosis. (ECF No. 26-1.) Dr. Doyle noted Plaintiff's upcoming appointment with a cardiologist and included recommendations for cardiology regarding management of Plaintiff's hypertension. (*Id.*) Plaintiff saw a cardiologist on June 19, 2024, and the notes from that visit indicated that Plaintiff was awaiting further stents. (*Id.*) On August 27, 2024, a vascular surgeon ordered a CTA on Plaintiff's carotids and aortic arch and a follow-up after the CTA. (ECF No. 26-2.) Based on these records, the Court agrees with the Magistrate Judge, but for a different reason— Plaintiff cannot show irreparable harm as to this allegation because the records reflect Plaintiff received treatment during this period of time.

Second, the Magistrate Judge found Plaintiff cannot show likelihood of success on the merits as to Plaintiff claim, raised during the March 11, 2026 hearing, that, in June 2024, a doctor told Plaintiff he should be on Keppra, an anti-seizure medication, but he did not receive any prescription at the time. (ECF No. 56 at 3.) The Magistrate Judge correctly noted that the medical records do not reflect that Keppra was prescribed in June 2024. (*Id.* at 9.) Moreover, the Court agrees with the Magistrate Judge's finding that Plaintiff cannot show irreparable harm because Dr. Doyle prescribed Keppra at Plaintiff's December 15, 2025 appointment. (ECF No. 26-4.) And Plaintiff has been on that medication since then. (ECF No. 56 at 3.)

Third, the Magistrate Judge considered Plaintiff's claim as it relates to his treatment as ordered by the vascular surgeon, Dr. Halow, during Plaintiff's August 27, 2024 appointment. As noted, Dr. Halow ordered a CTA related to Plaintiff's carotid artery stenosis and occlusion of bilateral carotid arteries and a follow-up appointment. (ECF No. 26-2.) However, the CTA did not occur until a year later, on August 27, 2025, and, shortly after, Plaintiff filed the Motion. (ECF No. 37-1.) A follow-up appointment for the following week was scheduled but was then rescheduled by the physician's office and purportedly not communicated to NDOC, so Plaintiff missed the appointment. (ECF No. 35 at 1; ECF

No. 35-1.)  The follow-up appointment finally occurred on March 5, 2026 (over six months after the CTA) when Plaintiff saw Dr. Halow. (ECF No. 47; ECF No. 49-1.) Dr. Halow's notes indicated that a "90% blockage" and the right-side carotid "needs to be fixed." (*Id.*) However, Dr. Halow further notes that Plaintiff would need cardiac clearance first. (*Id.*) At the March 11, 2026 hearing, defense counsel represented that Plaintiff would be scheduled to see a cardiologist in April and then surgery would then be scheduled. (ECF No. 56 at 3.) On this record, the Magistrate Judged found Plaintiff is likely to succeed on the merits, but the Magistrate Judge found that Plaintiff cannot show likelihood of irreparable harm because Defendants are "actively pursuing medical care for Plaintiff's carotid issues"—an appointment with a cardiologist for cardiac clearance has been scheduled for April and surgery will then be scheduled.[2] (*Id.* at 11.) The Court agrees. Moreover, Defendants are providing the preliminary relief that Plaintiff is seeking— providing treatment for Plaintiff's carotid issues.[3]

In sum, the Court agrees with the Magistrate Judge's recommendation to deny the Motion without prejudice. This means that Plaintiff has leave to file a renewed motion for temporary restraining order or preliminary injunction in the event Plaintiff does not receive treatment as he alleged in the Complaint.

///

///

[2]The appointment with the cardiologist is scheduled for April 15, 2026. (ECF No. 57.)

[3]This Order addresses the preliminary relief requested in the Motion. The Court does not address the actual merits of Plaintiff's claim, including any harm resulting from the delay in providing care for Plaintiff's medical conditions. Accordingly, in considering the Motion, the Court rejects the arguments Plaintiff presented in his Objection, including the contention that Defendants knew about "the 90% blockage" or delayed in providing anti-seizure medication. (ECF No. 59 at 1.) Moreover, the Court agrees with the Magistrate Judge that the Motion does not assert a claim relating to the order in which Defendants schedule Plaintiff's appointments—scheduling an appointment with the vascular surgeon before an appointment with cardiologist for clearance. (ECF No. 56 at 10.) The Court declines to address this argument, which may affect Plaintiff's claim for damages should Plaintiff prevail on the merits of the claim at the conclusion of the case, but not the preliminary relief raised in the Motion.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 56) is adopted.

It is further ordered that Plaintiff's objection (ECF No. 59) is overruled.

It is further ordered that Plaintiff's motion for temporary restraining order (ECF No. 5) and motion for preliminary injunction (ECF No. 6) are denied without prejudice.

DATED THIS 23rd Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE