**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KELLY D. MICKELSON,

    Plaintiff

v.

KEN WILLIAMS, et al.,

    Defendants

Case No.: 3:25-cv-00107-MMD-CSD

**Order**

Re: ECF Nos. 78, 79

Plaintiff has filed a motion for extension of time to serve Defendant Justin Voss, along with a motion for the clerk to issue a summons, complaint, and USM 285 form for Voss. (ECF Nos. 78, 79.)

After the Attorney General's Office indicated it could not accept service of process on behalf of Voss, who was no longer employed by NDOC, the A.G. submitted Voss' last known address under seal. (ECF Nos. 51, 52.) The court thereafter granted Plaintiff's motion for the U.S. Marshal to complete service on Voss and directed the Clerk to issue a summons for Voss at the sealed address, providing the same to the Marshal. The court indicated it would separately provide the Marshal with a completed USM 285 form. (ECF No. 65.)  Shortly thereafter, the court extended the deadline for Plaintiff to complete service to May 22, 2026. (ECF No. 71.)

On April 1, 2026, the summons was returned unexecuted. (ECF No. 72.) Plaintiff filed a motion asking that the Attorney General be ordered to provide a different address for Voss. Therein, Plaintiff expressed his belief that because Voss is facing criminal charges in the state, the A.G. must know his current address. (ECF No. 75.)  At a subsequent case management conference, counsel for the A.G. confirmed that it did not have another address for Voss.  (ECF

No. 76.) Plaintiff's motion was denied, but the deadline to serve Voss was extended to July 1, 2026. (*Id.*)

In his instant motions, Plaintiff asserts that Voss could be served at the address of record of his attorney in a separate action pending in another federal court. He suggests that if Voss cannot be served there, the Marshal could otherwise obtain Voss' address, or this court could make further inquiries with the Second Judicial District Court, where Voss is the subject of a pending criminal matter. To the extent Plaintiff asks the court and/or Marshal to locate an address for Voss, the request is denied.[1] It is Plaintiff's -- not the court's -- responsibility to obtain an address for service of process of the defendants in this action or to seek authorization for such other methods of service as might be appropriate. The court appreciates this is a difficult task for an indigent inmate to undertake, but the court cannot undertake any investigation for Plaintiff.

Because Voss cannot be located at the last known address provided by the A.G., it is now Plaintiff's responsibility to identify the information necessary to complete service of process on Voss and to provide that information, in a completed USM 285 form, to the U.S. Marshal for that purpose. Plaintiff will accordingly be provided a USM 285 form to fill out and return to the U.S. Marshal. If Plaintiff believes that an appropriate address for service of process is that of Voss' attorney in Sacramento (ECF No. 79 at 2), that is the information he should provide on his completed USM 285 Form.

---

[1] Plaintiff also asserts, again, that the A.G. is improperly claiming not to have an address for Voss. The court would note that the Nevada A.G. is a separate entity from the District Attorney's Office and the Second Judicial District Court. Whatever information those entities may possess has no bearing on the information available to the Nevada A.G.

2

Because Plaintiff has been diligent in his attempts to complete service of process, and it appears an extension of time is necessary in order for him to do so, the court will extend the time to complete service of process on Voss to and including August 17, 2026.

**CONCLUSION**

Accordingly, Plaintiff's motion for extension of time to complete service of process (ECF No. 78) is **GRANTED**. Plaintiff will have until August 17, 2026, to complete service on Voss. Plaintiff is advised that if service is not accomplished within the timeframe given, Voss will be dismissed from this action without prejudice under Rule 4(m).

If Plaintiff requires additional time to serve Voss, he must file a motion for extension of time under Local Rule 1A 6-1 before the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

Plaintiff's motion to issue summons, complaint and USM 285 Form (ECF No. 79) is **GRANTED IN PART** as follows: The Clerk of Court shall issue another summons for Voss and shall provide a copy of the summons, complaint, and this order to the U.S. Marshal. The Clerk shall also send Plaintiff a USM 285 Form. Within 21 days of the date of this order, Plaintiff shall furnish the required USM 285 form with relevant information to the U.S. Marshal at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within 20 days after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, if Voss has not been served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a different address for service, or indicating that some other method of service should be attempted.

3

The motion to issue summons, complaint, and USM 285 Form is **DENIED** in all other respects.

**IT IS SO ORDERED**.

Dated: June 15, 2026

Craig S. Denney
United States Magistrate Judge

4