**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KELLY D. MICKELSON,

Plaintiff

v.

KEN WILLIAMS, et al.,

Defendants

Case No.: 3:25-cv-00107-MMD-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 82

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a motion entitled, "Motion for Order Directing Defendants to Stop Interfering with Medical Treatment." (ECF No. 82.) Defendants, as this court also does, construe the motion as seeking a preliminary injunction and respond accordingly. (ECF No. 84.) Plaintiff has replied. (ECF No. 85.)

After a thorough review, it is recommended that Plaintiff's motion be **DENIED**.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (ECF No. 8.) Plaintiff has been allowed to proceed on an Eighth Amendment claim for deliberate indifference to serious medical needs, based in relevant part on Defendants' failure to schedule Plaintiff for surgery to implant stents ordered by his doctors in 2024. (ECF No. 7 at 3, 6.)

Shortly after filing his complaint, Plaintiff moved for a temporary restraining order and preliminary injunction. (ECF Nos. 5, 6.) Defendants responded and filed Plaintiff's relevant medical records. (ECF Nos. 24, 26.)

According to the records, Plaintiff had in August 2024 seen Dr. Halow, a vascular surgeon, who ordered a CTA of Plaintiff's carotid arteries. Despite this, Plaintiff did not undergo the CTA until August 2025 and, by the time he had filed his complaint in this action, had not yet had a follow-up appointment with Dr. Halow regarding the CTA. Plaintiff ultimately saw Dr. Halow on March 5, 2026. Dr. Halow assessed that Plaintiff had critical right ICA stenosis, "probably" exceeding "90%," which "need[ed] to be fixed," and that Plaintiff's left carotid stent, which had been placed a few years prior, was "patent." He noted that Plaintiff needed cardiac clearance before he could perform surgery. (ECF Nos. 47, 49-1.) The court held a hearing on Plaintiff's motions on March 11, 2026. By that time, NDOC was in the process of scheduling Plaintiff for the necessary clearance so that his surgery for stent placement could then be scheduled. (*See* ECF Nos. 55, 57.)

In a report and recommendation issued on March 12, 2026, this court recommended the District Judge deny Plaintiff's motions, in part on the grounds that Plaintiff would soon receive the medical treatment he sought. (ECF No. 56.) The District Judge adopted the report and recommendation, over Plaintiff's objections, and the motions for injunctive relief were denied without prejudice to renew "in the event Plaintiff does not received treatment as he alleged in the Complaint." (ECF No. 64 at 5.)

In his latest motion, Plaintiff acknowledges that he in fact received "the required" surgery on June 16, 2026. However, he asserts that although his doctor now wants to schedule him for another appointment to replace his preexisting stent -- which he alleges is more than 80%

blocked – the doctor's staff told Plaintiff that NDOC's insurance carrier has blocked any further treatment. (ECF No. 82 at 1-2; ECF No. 85 at 2.) The motion asks the court to order Defendants to stop interfering with Plaintiff's medical treatment.

In response, Defendants assert that Plaintiff has not made the requisite showing to obtain injunctive relief, as he neither addresses the relevant *Winter* factors nor presents any evidence to support his claims. (ECF No. 84.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This

requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

**III. DISCUSSION**

Plaintiff admits that he has received the surgery that was the subject of his original motions for injunctive relief.[1] What Plaintiff seeks now is a second surgery to remove and replace his preexisting stent, which according to Plaintiff and consistent with the record was ordered for the first time less than two months ago. Plaintiff presents no evidence to support a claim that (1) the replacement of his preexisting stent is a serious medical need; (2) that failure to immediately replace the stent will result in irreparable harm; or even (3) that that further

---

[1] Although Plaintiff states that his recent surgery placed a stent on his left side, and it is the right side that is now 80% blocked and needs a replacement, *(see* ECF Nos. 85 at 2), Plaintiff has previously reversed the sides when discussing his condition, (*see* ECF No. 39 at 1-2), so the court believes it is likely that he has again done so. Plaintiff's medical records show that it was the right side that was deemed critical with more than 90% blockage in March 2026, while the existing left stent was "patent," meaning "open, unobstructed, affording free passage." (ECF No. 49-1); https://www.rxlist.com/patent_adjective/definition.htm (last visited July 27, 2026); *see also* https://www.merriam-webster.com/dictionary/patent (last visited July 27, 2026) (noting one definition of "patent" as meaning "affording free passage: UNOBSTRUCTED.") The only reasonable conclusion that can be drawn from this medical record, Plaintiff's concession that he received "the required surgery," and Plaintiff's assertion that he needs replacement of a stent that is 80% blocked, is that Plaintiff indeed received implantation of the right side stent on June 16, 2026, and that it is now the existing left side stent that Plaintiff contends needs further surgery.

treatment was blocked by either NDOC's insurance carrier or – more importantly -- any of the named defendants.[2]

Even if Plaintiff's assertions were supported by reliable evidence, however, they would not justify an injunction under the *Winter* factors. Plaintiff does not explain or identify how any of the named defendants are interfering in his medical treatment to the extent of deliberate indifference, particularly given that replacement of the existing stent was ordered less than two months ago. He has therefore not established a likelihood of success on the merits. His motion, filed the day after his surgery to place a stent in the critical right side, argues that failure to allow the stent replacement would result in "brain damage" or "death." But he fails to explain or support such conclusory assertions, even by reference to symptoms he might continue to suffer after the right side stent was placed. Even the reply, filed a few weeks later, does not expand upon this conclusory claim. (*See* ECF No. 85.) Plaintiff makes no argument on the balance of the equities or the public interest. Plaintiff has therefore failed to carry his burden to establish entitlement to a preliminary injunction, under both *Winter* and 18 U.S.C. § 3626(a)(2).

The court therefore recommends that Plaintiff's motion for preliminary injunction be **DENIED WITHOUT PREJUDICE**.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING WITHOUT PREJUDICE** Plaintiff's motion for preliminary injunction (ECF No. 82).

The parties should be aware of the following:

[2] The court accepts as true that Plaintiff was told by his doctor's staff that insurance was blocking any further treatment, but whether the insurance carrier actually did so – and on what basis – is not supported by any admissible evidence.

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 28, 2026

Craig S. Denney
United States Magistrate Judge