UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELLY D. MICKELSON,

Plaintiff,

v.

KEN WILLIAMS, *et al.*,

Defendants.

Case No. 3:25-cv-00107-MMD-CSD

ORDER

## I. SUMMARY

Pro se Plaintiff Kelly D. Mickelson initiated this action by filing a complaint on February 20, 2025. (ECF No. 1.) Before the Court is the Report and Recommendation (ECF No. 90 (“R&R”)) of United States Magistrate Judge Craig S. Denney, recommending that the Court deny Mickelson’s motion seeking a preliminary injunction[1] (ECF No. 82 (“Motion for Preliminary Injunction”)); and Mickleson’s identical motions for stay of the proceedings and appointment of counsel (ECF Nos. 95, 96 (“Motions”)). For the reasons discussed in the Order, the Court will adopt the R&R in full, deny the Motions, and *sua sponte* refer this case to the Pro Bono Program and stay this case.

## II. BACKGROUND

The following facts are adapted from the Complaint. (ECF No. 8.) Mickelson is an inmate in the custody of the Nevada Department of Corrections. Mickelson is disabled and suffers from strokes, seizures, heart problems, high blood pressure, brain damage, memory loss, mental confusion, and has collapsed on several occasions. (ECF No. 8 at 3.) In the past, Mickelson has had stents implanted. (*Id.*) In April 2024, while at a hospital,

---

[1]Defendants responded (ECF No. 84) and Plaintiff replied (ECF No. 85). Mickelson’s motion is entitled “Motion for Order Directing Defendants to Stop Interfering with Medical Treatment,” which Defendants and Judge Denney construe as a motion seeking a preliminary injunction. (ECF Nos. 85; 90 at 1.)

a cardiologist/neurologist ordered Plaintiff to have additional stints implanted. (*Id*.) However, Mickelson has not had these additional stints implanted. (*Id*.) As a result, Plaintiff has suffered from numerous strokes or seizures. (*Id*.)

Prison officials have not made any attempts to find out the cause of Plaintiff's medical issues or to determine whether Plaintiff has suffered from strokes or seizures. (*Id*.) During an appointment with a cardiologist at NNCC, Mickelson had either a seizure or stroke that left him unconscious for several minutes. (*Id*.) Mickelson had a seizure or a stroke in the shower causing him to fall, hit his head on the floor, bleed, and bruise. (*Id.* at 5.) Mickelson's seizures or strokes happened in clusters and shut down his ability to talk, listen, see, or move around. (*Id*.) This left him exhausted, confused, and unable to perform normal tasks. (*Id*.)

Following screening, the Court permitted Mickelson to proceed on an Eighth Amendment claim for deliberate indifference to serious medical needs claim under 42 U.S.C. § 1983. (ECF No. 7.)

Mickelson previously filed motions for injunctive relief (ECF Nos. 5, 6), which the Court denied without prejudice on March 12, 2026, finding that Mickelson could not make a showing of irreparable harm because he had an upcoming appointment with a cardiologist, after which the required surgery would be scheduled. (ECF No. 64.)

## III. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Objections to the R&R were due on August 11, 2026. (ECF No. 90.) To date, no objection has been filed. However, the Court notes that Mickelson states in his Motions that he suffered from a "stroke/seizure" on August 9, 2026 and was subsequently hospitalized. (ECF No. 95 at 1.) Because the Court notes that Mickleson may have been unable to file an objection, the Court's review is de novo.

In the R&R, Judge Denney recommends denying the Motion because Mickelson states that he received "the required" surgery on June 16, 2026 that was the subject for his original motions for injunctive relief. (ECF No. 80 at 5.) Mickleson now seeks a second surgery to remove and replace his preexisting stent, which was only recently ordered. (*Id.*) However, as Judge Denney noted, Mickelson presents no evidence to support his assertions that this replacement is required, that failure to replace it would cause irreparable harm, or that NDOC or Defendants has blocked the treatment. Moreover, Mickelson cannot show that he is entitled to an injunction under the *Winter* factors. (*Id.* at 5-6.) The Court agrees with Judge Denney and will adopt the R&R in full.

Moreover, the Court *sua sponte* refers this case to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Mickelson. *See* Amended General Order 2019-07, Section 1(a)(1) ("At any time during the course of litigation, an assigned Judge may refer the case to the Program for the appointment of pro bono counsel."). The scope of appointment is for all purposes. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case. However, in making its decision to refer this case to the Pro Bono Program, the Court notes that Mickelson alleges that he has significant health issues: in his Motions, Mickelson states that he recently suffered "an extreme stroke/seizure" that resulted in his hospitalization and that he was supposed to be flown to California or Utah for "emergency brain surgery." (ECF Nos. 95 at 1-2; 96 at 1-2.) Accordingly, because the Court will refer the case to the Program, the Court will deny Mickelson's Motions as moot.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF

No. 90) is adopted in full.

It is further ordered that Mickelson's motion for preliminary injunction (ECF No. 82) is denied without prejudice.

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel.

The Clerk of Court is kindly directed to forward this order to the Pro Bono Liaison.

It is further ordered that Mickelson's identical motions for stay of the proceedings and appointment of counsel (ECF Nos. 95, 96) are denied as moot.

It is further ordered that this case is stayed pending appointment of pro bono counsel. However, the Court will provisionally set a status conference for about six months from now to determine whether to continue the stay if counsel has not been appointed.

DATED THIS 20th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE